UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:
Julio Manuel Montoro,                    Case no. 24-17583-LMI
                                         Chapter 7
_____Debtor(s)._____/

**<u>EXETER FINANCE LLC'S MOTION FOR RELIEF FROM STAY</u>**
*(Hearing date requested after 341 Meeting set for 9/3/2024)*

Exeter Finance LLC (hereinafter Exeter), pursuant to 11 U.S.C. 362(d)(1), moves for relief from the stay as follows:

1. On July 27, 2024, debtor(s) filed for Chapter 7 of the Bankruptcy Code.

2. On October 5, 2022, debtor Julio Manuel Montoro and non-debtor Ana Lourdes Quevedo Leon executed a contract pertaining to the purchase of a **2020 NISSAN ALTIMA VIN: 1N4BL4BV8LC220253**. A copy of the contract is attached as Exhibit A. Exeter provided buyer with purchase money financing secured by the vehicle.

3. Exeter noted its lien on the vehicle's title. Proof of title is attached as Exhibit B.

4. **Movant is in possession of the vehicle. The vehicle was repossessed on July 15, 2024, prior to the filing of the bankruptcy case on July 27, 2024.**

5. The payoff balance owed on this account is **$21,367.68**, as of July 30, 2024, excluding attorney fees and costs. An affidavit of indebtedness is attached as Exhibit C.

6. Counsel for Movant contacted the debtor's attorney prior to filing the motion.

7. A proposed order is attached as Exhibit D.

**WHEREFORE,** Exeter requests an order under section 362(d)(1) modifying the stay so that Exeter may repossess or replevy the vehicle, sell the vehicle, and apply the proceeds of the sale to the debt owed to Exeter, and determining that Federal Rule of Bankruptcy Procedure 4001(a)(3) is not applicable and Exeter may immediately enforce and implement the stay relief order.

**I HEREBY CERTIFY** that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that on August 15, 2024, copies of the foregoing were transmitted via ECF to the Office of the US Trustee, Drew M Dillworth, Trustee, and Jose A Blanco, Esq., attorney for debtor; and mailed to Julio Manuel Montoro, debtor, 9917 W Ockeechobee Rd., Apt 4212, Hialeah, Fl 33016 & Ana Lourdes Quevedo Leon, non-debtor, 9917 W Ockeechobee Rd., Apt 4212, Hialeah, Fl 33016.

GERARD M. KOURI, JR., P.A.
Attorney for Exeter
5311 King Arthur Avenue, Davie, FL 33331
Tel: (954)862-1731, Fax (954)862-1732

By: /s/ *Gerard M. Kouri, Jr.*
GERARD M. KOURI, JR., ESQ.
FBN 375969/gmkouri@aol.com

# Retail Installment Contract and Security Agreement

**Seller Name and Address**
The Connection Motors Inc.
840 E. 49th St
Hialeah, FL 33013

**Buyer(s) Name(s) and Address(es)**
JULIO M MONTORO
ANA LURDES QUEVEDO LEON
9917 Okeechobee Rd # 4-212
Hialeah Gardens, FL 33016

**Summary**
No. _____
Date 10/5/2022

Buyers' Month of Birth  February    September

☐ Business, commercial or agricultural purpose Contract.

Documentary Stamp Tax. Florida documentary stamp tax required by law in the amount of $ __76.30__ has been paid or will be paid directly to the Florida Department of Revenue. Certificate of Registration No. _____.

## Truth-In-Lending Disclosure

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 7000.00 |
| 18.15 % | $ 14786.60 | $ 21777.40 | $ 36564.00 | $ 43564.00 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 75 | $ 487.52 | Monthly, Beginning 11/04/22 |

**Security:** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.

**Prepayment.** If you pay off this Contract early, you may have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2020 | Nissan | Altima | Sedan | 1N4BL4BV8LC220253 | 55831 |

☐ New
☒ Used
☐ Demo

Other: _____

## Description of Trade-In
N/A

## Conditional Delivery

☐ Conditional Delivery. If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: _____
_____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of
$ 21777.40 plus finance charges accruing on the unpaid balance at the rate of 18.15 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

Exhibit A

Page 1 of 6

☐ **Loan Processing Fee.** You agree to pay a loan processing fee of
$ N/A _____ that will be ☐ paid in cash.
☐ financed over the term of the Contract.

☒ **Pre-delivery Service Fee.** You agree to pay a pre-delivery service fee of
$ 995.00 _____ that will be ☐ paid in cash.
☒ financed over the term of the Contract. This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of
$ N/A _____ if you pay this Contract in full before we have earned that much in finance charges.

### Itemization of Amount Financed

| | | |
|---|---|---|
| a. Price of Vehicle, etc. (incl. sales tax of $ 1621.10 ) | $ | 26616.10 |
| b. Pre-delivery service fee | $ | 995.00 |
| c. **Cash Price** (a+b) | $ | 27611.10 |
| d. Trade-in allowance | $ | N/A |
| e. Less: Amount owing, paid to (includes m): | $ | N/A |
| f. Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ | N/A |
| g. Cash payment | $ | 7000.00 |
| h. Manufacturer's rebate | $ | N/A |
| i. Deferred down payment | $ | N/A |
| j. Other down payment (describe) | $ | N/A |
| k. **Down Payment** (f+g+h+i+j) | $ | 7000.00 |
| l. **Unpaid balance of Cash Price** (c-k) | $ | 20611.10 |
| m. Financed trade-in balance (see line f) | $ | N/A |
| n. Paid to public officials, including filing fees | $ | N/A |
| o. Insurance premiums paid to insurance company(ies) (See *Insurance Disclosures* section for coverage and benefits types.) | $ | N/A |
| p. Service Contract, paid to: _____ | $ | N/A |
| q. To: Comprehensive Auto Resources Company | $ | 895.00 |
| r. To: Documentary Stamp Tax | $ | 76.30 |
| s. To: Electronic Filing Fee | $ | 195.00 |
| t. To: _____ | $ | N/A |
| u. To: _____ | $ | N/A |
| v. To: _____ | $ | N/A |
| w. To: _____ | $ | N/A |
| x. To: _____ | $ | N/A |
| y. To: _____ | $ | N/A |
| z. To: _____ | $ | N/A |
| aa. **Total Other Charges/Amts Paid** (m thru z) | $ | 1166.30 |
| bb. **Prepaid Finance Charge** | $ | N/A |
| cc. **Amount Financed** (l+aa-bb) | $ | 21777.40 |

We may retain or receive a portion of any amounts paid to others.

### Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☒ None
Premium $ N/A _____  Term: N/A _____
Insured _____

**Credit Disability**
☐ Single  ☐ Joint  ☒ None
Premium $ N/A _____  Term: N/A _____
Insured _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

N/A _____
By: _____  DOB _____

N/A _____
By: _____  DOB _____

N/A _____
By: _____  DOB _____

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A _____. If you get insurance from or through us you will pay $ N/A _____ for 0 months _____ of coverage.

This premium is calculated as follows:
☐ $ N/A Deductible, Collision Cov.  $ N/A
☐ $ N/A Deductible, Comprehensive  $ N/A
☐ Fire-Theft and Combined Additional Cov.  $ N/A
☐ _____  $ N/A

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS CHECKED AND INDICATED.**

*[This area intentionally left blank.]*

Page 2 of 6

☐ **Single-Interest Insurance.** You must purchase single-interest insurance. The coverage may be obtained from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for _____ of coverage. This insurance is solely for the interest of the Seller, its successors and assigns, and no protection exists for your benefit. You authorize us to purchase Single-Interest Insurance.

By: JULIO M MONTORO                      10/5/2022
                                          Date

By: ANA LURDES QUEVEDO LEON              10/5/2022
                                          Date

By: _____               _____
                                          Date

### Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term _____
Price     $ N/A
Coverage _____

☒ **Gap Waiver or Gap Coverage**
Term      75 months
Price     $ 895.00
Coverage _____

☐ _____
Term. _____
Price     $ N/A
Coverage _____

By: /s/ JMontoro                         10/5/2022
                                          Date

By: /s/ AQuevedo                         10/5/2022
                                          Date

By: _____               _____
                                          Date

### Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**Deferment.** We may agree to defer the scheduled due date of all or any part of any installment payment, and will collect a $15.00 fee for each deferment. You must maintain the insurance on the Property required by this Contract during any deferment period. You may extend any optional insurance you bought with this Contract if the insurance company or your insurance contract allows the extension and if you pay the extension charge. In addition to the $15.00 deferment fee and the costs of extending required or optional insurance, you will also be required to pay additional finance charges as a result of exercising the deferment option.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. We may impose an acquisition charge of $75.00 for services performed in processing this Contract if it is paid in full within 6 months after the Contract's effective date. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a service charge that is the greater of 5% of the face amount of the instrument, (including orders of payment, debit card orders, or electronic funds transfers), or: $25.00, if the face value of the instrument does not exceed $50.00; $30.00 if the face value exceeds $50.00 but does not exceed $300.00; $40.00 if the face value exceeds $300.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Florida and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

◊ You fail to perform any obligation that you have undertaken in this Contract.
◊ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

JM.   AQ   Page 3 of 8

If you default, you agree to pay our court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

Remedies. If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

Obligations Independent. Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

Warranty. Warranty information is provided to you separately.

### Security Agreement

Security. To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

Duties Toward Property. By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

Agreement to Provide Insurance. You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance from any insurance provider that is reasonably acceptable to us. Your choice of an insurance provider will not affect the credit decision. We may impose reasonable requirements concerning the extent of coverage and the financial soundness of the insurance provider. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

Gap Waiver or Gap Coverage. In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

### Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

- **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**
- **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**
- **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. "*Claim*" means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

Page 4 of 6

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. Rejecting this Arbitration Provision will NOT affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract.** By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.

### Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

| N/A | 10/5/2022 |
|---|---|
| By: | Date |

Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

Page 5 of 6

### Arbitration Provision and Process to Remove:

This Contract contains an Arbitration Provision that affects your rights. By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.

By initialing this section, you confirm that you read, understand and agree to the Arbitration Provision in this Contract, including the process to reject it.

Buyer initials: _____   _____   _____

### Acknowledgment for Electronic Signatures

☐ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: [signature]                             10/5/2022
                                            Date

By: [signature]                             10/5/2022
                                            Date

By: _____                 _____
                                            Date

---

Notice to Buyer. a. Do not sign this Contract before you read it or if it contains any blank spaces. b. You are entitled to an exact copy of the Contract you sign. Keep it to protect your legal rights.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer

By: [signature] JULIO M MONTORO           10/5/2022
                                          Date

By: [signature] ANA LURDES QUEVEDO LEON   10/5/2022
                                          Date

By: _____               _____
                                          Date

Seller

By: [signature] The Connection Motors Inc  10/5/2022
                                           Date

**Assignment.** This Contract and Security Agreement is assigned to
Exeter Finance
PO Box 677 Wilmington OH 45177
the Assignee, phone _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

Seller  The Connection Motors Inc

By: [signature]                            10/5/2022
                                           Date

8/1/24, 2 16 PM                                                         ELT Printout



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

## Exeter Finance

## Lien and Title Information

### Account Information

| | | | |
|---|---|---|---|
| Account Number | | Financed Date | 10/5/2022 |
| Loan Number | | Perfected Date | 10/24/2022 |
| Branch | | Payoff Date | |
| Borrower 1 | JULIO M MONTORO | Dealer ID | 68656 |
| Borrower 2 | ANA LOURDES QUEVEDO LEON | Dealer | 68656 |
| Borrower Address | 9917 W OKEECHOBEE RD APT 4212 HIALEAH GARDENS, FL 33016 | Dealer Address | |

### Lienholder

| | |
|---|---|
| ELT Lien ID | 0232385249 |
| Lienholder | Exeter Finance LLC |
| Lienholder Address | PO Box 677 Wilmington, OH 45177-0677 |
| Lien Release Date | 7/30/2024 |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| VIN | 1N4BL4BV8LC220253 | Issuance Date | 10/20/2022 |
| Title Number | 0148388033 | Received Date | 10/24/2022 |
| Title State | FL | ELT/Paper | ELECTRONIC |
| Year | 2020 | Odometer Reading | |
| Make | NISS | Branding | |
| Model | | | |
| Owner 1 | JULIO M MONTORO | | |
| Owner 2 | ANA LOURDES QUEVEDO LEON | | |
| Owner Address | 9917 OKEECHOBEE RD # 4 212 HIALEAH GARDENS, FL 33016 0000 | | |

Printed: Thursday, August 1, 2024 12:16:45 PM PST

*Exhibit B* (handwritten)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| In re: | | |
|---|---|---|
| | Case No. | 24-17583 |
| Julio Manuel Montoro, | | |
| Debtor(s) | Chapter | 7 |

### AFFIDAVIT OF INDEBTEDNESS IN SUPPORT OF EXETER FINANCE LLC'S MOTION FOR RELIEF FROM STAY

Before me, the undersigned authority, personally appeared NANCY WAFER, who, being duly sworn, deposes and says:

1. I am NANCY WAFER. I am employed as a Bankruptcy Specialist by Exeter Finance LLC ("Creditor").

2. This affidavit is based upon Creditor's loan payment records as of July 30, 2024. These records are regularly maintained in the course of business of Creditor and it is the regular practice of Creditor to make and maintain these records. These records reflect loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records for Creditor and regularly use and rely upon them in the performance of my duties.

3. Debtor maintains a loan, account number XXXX9940, with Creditor. Creditor holds a security interest in the following property:

**2020 NISSAN ALTIMA, VIN 1N4BL4BV8LC220253**

Exhibit C

1

4. The payments on this loan account, due for 3/18/2024 through 7/18/2024, in the amount of $487.52 each and $97.52 for a total of $2,437.60 have not been received by Creditor.

5. The payoff balance owed on this loan account is $21,367.68, as of July 30, 2024, excluding attorney fees and costs.

6. Creditor does not have current verifiable proof of collision and comprehensive insurance covering the vehicle.

7. The contract and proof of title attached to this motion as exhibits are true and accurate copies of the original documents.

8. This concludes my affidavit.

_____
Printed Name: NANCY WAFER

**SWORN TO AND SUBSCRIBED TO** before me under penalty of perjury as being true and correct based on the personal knowledge of Creditor's books and business records this ___ day of __Aug__, 2024, by __NANCY WAFER__, who is personally known to me.

NOTARY PUBLIC:

Sign: _____

Print: __ANTIONETTE HERRON__

State of Texas at Large

My Commission Expires: __12-01-2024__

> ANTIONETTE HERRON
> Notary Public, State of Texas
> Comm. Expires 12-01-2024
> Notary ID 13091898-9

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:
Julio Manuel Montoro,　　　　　　　　　Case no. 24-17583-LMI
　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　Debtor(s).　　　　　/

### ORDER GRANTING EXETER FINANCE LLC'S
### MOTION FOR RELIEF FROM STAY

**THIS CAUSE** came before the Court on *Exeter Finance LLC's Motion for Relief from Stay* (DE xx). Movant is in possession of the vehicle. The vehicle was repossessed on July 15, 2024, prior to the filing of the bankruptcy case on July 27, 2024. Upon consideration of the motion and the record, it is

**ORDERED** that:

1. The motion is granted and the stay imposed pursuant to 11 U.S.C. Section 362 is modified so as to allow Exeter to repossess or replevy the **2020 NISSAN ALTIMA VIN: 1N4BL4BV8LC220253,** to sell the vehicle, and to apply the

*Exhibit D*

proceeds of the sale of the vehicle to the amount owed to Exeter.

2. The stay is modified for the purpose of allowing Exeter to obtain and sell the vehicle and to apply the proceeds of the sale to the indebtedness owed to Exeter or to proceed in a Court of competent jurisdiction for the sole purpose of seeking <u>in rem</u> remedies. Exeter shall not seek nor obtain any <u>in personam</u> judgment against the debtor(s).

3. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable and Exeter may immediately enforce and implement this order granting relief from stay.

###

Attorney Kouri is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.

Submitted by:
GERARD M. KOURI, JR., P.A.
5311 King Arthur Ave, Davie, FL 33331
Tel (954) 862-1731; Fax (954) 862-1732
Email: gmkouripaecf@gmail.com

2